IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN UNIVERSITY SYSTEM, INC., | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| v. | § § | |
| AMERICAN UNIVERSITY, and AMERICAN PUBLIC UNIVERSITY SYSTEM, INC., | § § § § | |
| | § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff American University System, Inc. ("Plaintiff"), by and through its undersigned counsel, and in support of its Complaint for Declaratory Judgment against defendants American University and American Public University System, Inc. ("Defendants") alleges as follows:

### PARTIES

1. Plaintiff American University System, Inc. is a Washington, D.C. non-profit corporation having a business address of 2200 Ross Ave., Ste. 3800, Dallas, Texas 75201.

2. Defendant American Public University System, Inc. is a West Virginia Corporation having a business address of 111 W. Congress Street, Charles Town, West Virginia 25414. Defendant American Public University System, Inc. may be served by serving its registered agent in the State of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company having an address of 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant American University is a Washington D.C. non-profit corporation having a business address of 4400 Massachusetts Avenue NW, Washington, D.C. 20016-8165. American University does not have a registered agent for service of process in the State of

**COMPLAINT**                                                                                                                                           Page 1

Texas. Service of process on American University may be made according to the laws of the State of Texas by serving the Texas Secretary of State. Accordingly, pursuant to Federal Rule of Civil Procedure 4(h)(1), Texas Civil Practice and Remedies Code §§ 17.044(b) and 17.045(a), and Texas Business Corporation Arts. 2.11 and 8.10, service on American University may be made by serving duplicate copies of process on the Secretary of State of Texas, P.O. Box 12697, Capitol Station, Austin, Texas 78711-2697, who shall immediately mail a copy of the process to American University at 4400 Massachusetts Avenue NW, Washington, D.C. 20016-8165, by registered or certified mail, return receipt requested.

## NATURE OF ACTION

4. This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 2201 and 2202. As alleged herein, an actual and justiciable controversy exists between Plaintiff and Defendants regarding alleged infringement of Defendants' alleged trademark rights in the alleged marks "AMERICAN UNIVERSITY", "AMERICAN PUBLIC UNIVERSITY SYSTEM" and "AMERICAN PUBLIC UNIVERSITY OF THE AMERICAN PUBLIC UNIVERSITY SYSTEM ("Alleged Marks").

6. The Court has personal jurisdiction over Defendants because, upon information and belief, Defendants regularly conduct business in this sate.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL BACKGROUND

8. Plaintiff is not a university, college or provider of educational services. Rather, Plaintiff is a non-profit organization which uses the designations "American University System" and "American University System" (with design) ("Plaintiff's Marks") in connection with enabling and promoting online education for institutions of higher learning. Plaintiff coordinates with schools and faculty throughout the North, South and Central Americas in taking their existing academic programs and translating them to an on-line platform. Membership in Plaintiff's international "American University System" provides schools with tools and resources they need to expand delivery of their programs both locally and internationally. Corporate membership in Plaintiff's "American University System" provides employees of those organizations with access to global education opportunities.

9. On September 2, 2010, Defendants directed to Plaintiff in this state, via its legal counsel ("Defendants' Counsel"), a letter accusing Plaintiff of infringing one or more of Defendants' Alleged Marks, and demanding that Plaintiff immediately cease and desist from the use of "AMERICAN UNIVERSITY SYSTEM."

10. Plaintiff forwarded Defendants' September 2, 2010 letter to its outside counsel ("Plaintiff's Counsel") for review and reply, to which Plaintiff's Counsel responded on September 17, 2010 and provided a substantive response to Defendants' allegations and threats and denying there had been any infringement of any alleged rights of Defendants.

11. On September 24, 2010, Defendants directed to Plaintiff in this state, via Defendants' Counsel, a subsequent letter again accusing Plaintiff of trademark infringement and informing Plaintiff that if it was not prepared to reconsider its position, Defendants would proceed to pursue next steps to protect their marks.

12. On December 27, 2010, Defendant American Public University System, Inc. directed to Plaintiff in this state, via its counsel, a subsequent letter along with a draft Complaint informing Plaintiff that if it did not cease use of American University System by January 17, 2011 that it would proceed to file the Complaint in federal court.

13. On January 24, 2011, Defendant American Public University System, Inc. directed to Plaintiff in this state, via its counsel, a further subsequent letter indicating Defendant's Counsel's belief that Plaintiff was still intending to exhibit under the Plaintiff's Marks at the "CCME Symposium" commencing on February 14, 2011 and that any resolution would require a change of name before February 14, 2011.

14. Since receiving Plaintiff's December 27, 2010 draft Complaint, Plaintiff has engaged in discussions with opposing counsel in an effort to reach a mutually satisfactory resolution to the dispute. Those discussions, however, have been unsuccessful to date.

15. Plaintiff's Marks have not infringed, and do not infringe, any alleged trademarks owned by Defendants including the Alleged Marks.

16. There has never been any incident known to Plaintiff of actual confusion caused by the trademarks of Plaintiff and Defendants.

17. In addition, upon information and belief, Defendants' asserted trademarks "AMERICAN UNIVERSITY", "AMERICAN PUBLIC UNIVERSITY SYSTEM" and "AMERICAN PUBLIC UNIVERSITY OF THE AMERICAN PUBLIC UNIVERSITY SYSTEM" are invalid and unenforceable on grounds including, but not limited to, abandonment based on naked licensing/failure to police.

18. An actual and justiciable controversy exists between the parties regarding alleged infringement of Defendants' alleged trademark rights. Based on Defendants' express allegations of infringement, and the parties' inability to reach a mutually satisfactory resolution, Plaintiff is

currently under the reasonable apprehension that at some indeterminate time in the future Defendants will file suit against Plaintiff for alleged violations of trademark infringement to the irreparable damage to Plaintiff. The actual controversy which now exists between the parties arises under the trademark laws of the United States, Title 15 of the United States Code and thus falls within the scope of this Court's subject matter jurisdiction.

19. Accordingly, in order to remove the uncertainty that has arisen due to Defendants' allegations and threats, Plaintiff has filed this Complaint seeking relief in the form of a conclusive, judicial declaration of its non-infringement and the invalidity of Defendants' Alleged Marks.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

20. The allegations of Paragraphs 1-19 are hereby re-alleged and incorporated by reference herein.

21. Plaintiff alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Plaintiff has not infringed, and does not infringe, any alleged trademarks owned by Defendants including the Alleged Marks.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY

22. The allegations of Paragraphs 1-19 are hereby re-alleged and incorporated by reference herein.

23. Plaintiff alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants' Alleged Marks are not valid trademarks, and that Defendants' alleged trademark rights in and to the Alleged Marks are invalid and unenforceable on grounds including, but not limited to, abandonment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment:

(a) Declaring that Plaintiff has not infringed, and does not infringe, any alleged trademark rights held by Defendants;

(b) Declaring that Defendants' Alleged Marks are invalid and unenforceable.

(c) That Plaintiff recover its reasonable attorneys' fees.

(d) That Plaintiff recover the costs of this action, and pre- and post-judgment interest; and

(e) Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s Kay Lyn Schwartz
Kay Lyn Schwartz
State Bar No. 17865700
kschwartz@gardere.com
Jason R. Fulmer
State Bar No. 24032326
GARDERE WYNNE SEWELL, LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

**ATTORNEYS FOR PLAINTIFF**
**AMERICAN UNIVERSITY SYSTEM, INC.**